**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOMINIQUE GOINS, individually and on behalf of a class of all persons and entities similarly situated, | : : : : : | |
| Plaintiff, | : : | Civil Action No. 1:26-cv-01955 |
| v. | : : | Hon. Julia K. Munley |
| H.L. BOWMAN, LLC, | : : | |
| Defendant. | : | |

---

**DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**

---

Defendant H.L. Bowman, LLC ("Defendant") moves the Court pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D) for an Order striking the class allegations from Plaintiff's Class Action Complaint and denying class certification. In support of this Motion, Defendant states as follows:

1.     The proposed class, as defined, is an impermissible "fail-safe" class, and Plaintiff's class allegations fail on their face to satisfy the prerequisites of Rule 23. *See* Fed. R. Civ. P. 23.

2.     Plaintiff's proposed class constitutes an impermissible fail-safe class because, among other reasons, the proposed "National Do Not Call

Registry Class" is defined by reference to persons who received "telephone solicitation" calls from Defendant, and whether a call constitutes a "telephone solicitation" under 47 U.S.C. § 227(a)(4) is itself a merits element of the underlying Telephone Consumer Protection Act ("TCPA") claim.

3.    Class membership therefore cannot be ascertained without first adjudicating the merits, and the class as drawn would bind no one: a putative member either prevails or, by failing to establish that element, falls outside the class and escapes the preclusive effect of any judgment.

4.    The defect is one of definition, and no amount of discovery can cure it. *See, e.g.*, *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610 (E.D. Pa. 2015) (granting motion to strike putative TCPA class claims).

5.    As pleaded, Plaintiff cannot establish that the proposed class is ascertainable.

6.     In the Third Circuit, ascertainability is a threshold requirement that a plaintiff must prove by a preponderance of the evidence, and it demands both that the class be defined by reference to objective criteria and that there exist a reliable, administratively feasible mechanism for determining whether putative members fall within the class definition. *See id.*

7.      The Complaint identifies no such mechanism.

8.      Determining membership would require individualized inquiry, telephone number by telephone number, into whether the number was used for residential rather than business purposes; who the subscriber or customary user of the number was at the time of each call; whether that person in fact received the call; and whether the call was barred under the TCPA based on the individual circumstances.

9.      The Complaint fails to supply that information or otherwise properly explain how a class action would be an appropriate vehicle, even with class discovery, given those issues.

10.     Further, the Rule 23(b)(2) class allegations are improper on their face.

11.     Plaintiff seeks certification of a mandatory class in which the predominant relief sought is individualized statutory damages of $500 to $1,500 per call rather than injunctive or declaratory relief.

12.     Rule 23(b)(2) does not authorize class certification when each class member would be entitled to an individualized award of monetary damages. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011).

13. Nor is the proposed class cohesive, as this Circuit separately requires of any class certified under Rule 23(b)(2). *See Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142-43 (3d Cir. 1998).

14. Plaintiff's proposed class would face insurmountable individualized fact issues.

15. This is made clear by Plaintiff's own fact allegations, which concern her alleged communications both to and from Defendant, and which demonstrate the importance of disparate, individual factual circumstances and issues to this litigation. *See, e.g.*, Plaintiff's Compl., ¶¶ 14–35.

16. Each of these pleading defects, which will be further detailed in Defendant's forthcoming brief in support of this Motion, would be incurable in discovery.

17. This is accordingly a case in which the propriety of class treatment may and should be resolved at the pleading stage, before the parties and the Court are put to the burden and expense of further litigation, including class discovery.

18. Rule 23(c)(1)(A) permits the Court to resolve class maintainability "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

19. Because here the defects in Plaintiff's class allegations are apparent on the face of the pleadings and incurable by discovery, early resolution is warranted and appropriate.

20. Defendant therefore respectfully requests the Court enter an Order: (a) denying certification of the proposed class pursuant to Rule 23(c)(1)(A); (b) striking Plaintiff's Rule 23(b)(2) class allegations in their entirety; and (c) striking Plaintiff's remaining class allegations pursuant to Rules 12(f) and 23(d)(1)(D) or, in the alternative, directing Plaintiff to amend the Complaint to eliminate the fail-safe class definition and to conform the class allegations to the requirements of Rule 23.

21. Defendant raises these arguments at this stage because it believes the render the Class Action Complaint amenable to dismissal under Rule 12(f). It expressly reserves its right to present other issues with the class as defined at a later time, if the matter is not dismissed at this stage.

22. Defendant will file a brief in support of this Motion filed within fourteen days in accordance with Local Rule 7.5.

**WHEREFORE**, Defendant HL Bowman, LLC respectfully requests that this Court grant this Motion and enter the accompanying Proposed Order striking the specified class allegations, denying class certification, and for such other and further relief as the Court deems just and proper.

Dated: August 5, 2026

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

By: _____

Michael C. Witsch (PA ID #313884)
Timothy J. Bergere (PA ID #39110)
Charles Hoyt III (PA ID #331588)
100 N. 18th Street, Suite 710
Philadelphia, PA 19103
267-780-2000
mwitsch@atllp.com
tbergere@atllp.com
choyt@atllp.com

*Counsel for Defendant HL Bowman, LLC*