**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOMINIQUE GOINS, individually and on behalf of a class of all persons and entities similarly situated, | : | |
| Plaintiff, | : | Civil Action No. 1:26-cv-01955 |
| v. | : | (Hon. Julia K. Munley) |
| H.L. BOWMAN, LLC, | : | |
| Defendant. | : | |

# DEFENDANT H.L. BOWMAN, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS

Defendant H.L. Bowman, LLC ("H.L. Bowman" or "Defendant") submits this brief in support of its Motion to Strike the Class Allegations in Plaintiff Dominique Goins's ("Plaintiff") Complaint under Federal Rules of Civil Procedure 12(f), 23(d)(1)(D), and 23(c)(1)(A). Plaintiff's class allegations fail and should be stricken because (i) the proposed class is an impermissible and unascertainable fail-safe class, and (ii) certification under Rule 23(b)(2) is improper where individualized monetary relief predominates and the class lacks the requisite cohesion.

Defendant's Motion should be granted.

# I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed her Complaint on July 14, 2026, alleging that certain putative telephone solicitation calls violated the Telephone Consumer Protection Act ("TCPA") and seeking class certification. *See* 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c). Dkt. No. 1 ("Compl."). Defendant filed its Motion to Strike Class Allegations on August 5, 2026. Dkt. No. 7.

## A. STATEMENT OF ALLEGED FACTS

Plaintiff alleges that she is a natural person with a cellular telephone number beginning with "610" that has been listed on the National Do Not Call Registry since December 19, 2025. Compl., ¶¶ 6, 14, 21. Without identifying exact dates, Plaintiff alleges she "received at least twelve calls and one text message from Defendant from January to June 2026[,]" including "at least" eleven calls from "January 16 to June 1, 2026." *Id.*, ¶¶ 22, 23. Those calls allegedly came from "various (610) 531-XXXX telephone numbers." *Id.*, ¶ 23.

On June 12, 2026, Plaintiff alleges she received a "telemarketing call from Defendant at caller ID (610) 351-6112." *Id.*, ¶ 24.[1] She allegedly spoke with an H.L. Bowman representative and solicited home-improvement

[1] Plaintiff does not explain how she knew the prior eleven calls were from Defendant, nor does she explain the discrepancy in her Complaint between the first eleven calls using phone numbers that all began with "(610) 531" and the twelfth call which began with "(610) 351." *See* Compl., ¶¶ 23–28.

services, including HVAC replacement. *Id.*, ¶¶ 24–28. She also alleges a "follow-up text message" confirming an appointment at "Defendant's [sic] location" to provide those services. *Id.* The attached message appears addressed to a "Dominique Toma" and confirms an appointment at 1033 Karoly Street, Bethlehem, PA 18017.[2] *Id.*

Plaintiff alleges that the "calls and accompanying text message" were telephone solicitations intended to encourage the purchase of Defendant's home-improvement services, *id.*, and violated the TCPA. *Id.*, ¶¶ 29–35, 54–58; *see also* 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c). She also sues on behalf of a proposed class, defined as:

> All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

*Id.* at ¶ 38. Plaintiff seeks class certification under "Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3)." *Id.*, ¶ 37.

---

[2] Defendant assumes that Plaintiff, Dominique Goins, is asserting she is the "Dominque Toma" referenced in the attached text message.

## II. QUESTION PRESENTED

Whether Plaintiff's class allegations should be stricken, and Plaintiff's request for class certification based upon them denied, because they facially fail to satisfy the prerequisites of Rule 23?

## III. ARGUMENT

Plaintiff's proposed class is uncertifiable because it is an impermissible fail-safe class that cannot be ascertained, and because Plaintiff improperly invokes Rule 23(b)(2) despite the predominance of individualized monetary relief and the class's lack of cohesion. These defects appear on the face of the Complaint, are inherent in the proposed class, and cannot be cured by discovery. Plaintiff's class allegations should therefore be stricken.

### A. MOTIONS TO STRIKE CLASS ALLEGATIONS, GENERALLY

Rule 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rules 23(d)(1)(D) & (E) permit a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons" or deal with similar procedural matters. Fed. R. Civ. P. 23(d)(1)(D) & (E); *see also* Fed. R. Civ. P. 23(c)(1)(A) (authorizing an early determination whether to certify an action as a class action).

A district court "will strike class action allegations without permitting discovery or waiting for a certification motion where the complaint and any

affidavits clearly demonstrate that the plaintiff cannot meet the requirements for a class action." *Woodard v. FedEx Freight E., Inc.,* 250 F.R.D. 178, 182, 155 Lab.Cas. P 35,400, 13 Wage & Hour Cas.2d (BNA) 762 (M.D. Pa. 2008) (citation omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1383 (3d ed. Supp. 2026) (noting that the Third Circuit permits striking class allegations before certification where certification is impossible).

Where class allegations facially fail Rule 23, define a fail-safe class, or cannot be cured by discovery, a court may strike them. *Zarichny v. Complete Payment Recovery Servs.,* Inc., 80 F. Supp. 3d 610, 623-24, 90 Fed. R. Serv. 3d 1332 (E.D. Pa. 2015); *Davis v. Bank of Am., N.A.,* No. CV 13-4396, 2016 WL 427049, at *3–4, 7 (E.D. Pa. Feb. 3, 2016).

Plaintiff seeks class certification "pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3)." Compl., ¶ 37. All classes must satisfy the four prerequisites of (i) numerosity; (ii), commonality; (iii), typicality; and (iv) adequacy under Fed. R. Civ. P. 23(a)(1–4), and the distinct standards of Rule 23(b)(2) and/or (b)(3).

Plaintiff's class cannot, as pleaded, meet those standards.

### B. PLAINTIFF PLEADS AN IMPERMISSIBLE FAIL-SAFE CLASS

Plaintiff proposes an impermissible fail-safe class that would require individual merits determinations to identify each class member, and which is otherwise uncertifiable under governing rules and precedent.

#### 1. Rule 23(b)(3): Ascertainability and Fail-Safe Classes

A Rule 23(b)(3) class must (1) have a clearly defined perimeter, both as to the class and the claims, and (2) be objectively ascertainable. *Zarichny*, 80 F. Supp. 3d at 625. Though the word "ascertainable" does not appear in Rule 23, "an essential prerequisite of an action under [Rule 23] is that there must be a 'class.'" 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760 (4th ed. Supp. 2026).

For a class to be ascertainable, its members must be "identifiable at the moment of certification," and the Third Circuit "has adopted an enhanced ascertainability requirement, focusing on the need for plaintiffs to demonstrate a reliable, administratively feasible method for identifying class members in order to meet certification requirements." *Zarichny*, 80 F. Supp. 3d at 625; Wright & Miller, *supra*, § 1760 (4th ed. Supp. 2026).

A class is inappropriate if its members are "'impossible to identify without extensive and individualized fact-finding or 'mini-

trials[.]'" *Zarichny*, 80 F. Supp. 3d at 625 (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 606, 83 Fed.R.Serv.3d 246 (3d Cir. 2012)).

A "fail-safe" class cannot satisfy Rule 23's ascertainability requirement:

> A fail-safe class is one that defines its members by the plaintiff's liability-all individuals wronged by the defendant, in the classic formulation. The class definition requires a determination on the merits before members are identified, creating what the Supreme Court called "one-way intervention," *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 547, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). That is to say, either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims. Class actions are generally binding on absent class members, but such a class impermissibly skirts the bar of *res judicata*.

*Id.* at 624.[3]

Because a fail-safe class is defined such that "whether a person qualifies as a member depends on whether the person has a valid claim[,]" its existence "cannot be ascertained until the conclusion of the case, when liability is determined." *Id.* at 623 (internal quotations omitted) (citing *Messner v. Northshore University HealthSystem,* 669 F.3d 802, 825, 2012-1 Trade Cases P 77,763 (7th Cir. 2012). They are therefore impermissible.

[3] *See also Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352, 79 Fed.R.Serv.3d 828 (6th Cir. 2011) (defining an improper fail-safe class as one that "shields the putative class members from receiving an adverse judgment" such that "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment[]").

**2. Plaintiff Proposes an Impermissible Fail-Safe Class**

Plaintiff's proposed class falls within that bar. It is confined to those:

> (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

Compl., ¶ 38. This definition largely repackages elements of a TCPA violation,[4] defining the class as those who received "*telephone solicitation* call[s]" from Defendant. *Id.* (emphasis added).

The term "telephone solicitation" is statutorily defined to include only those persons who have not provided their consent. *See* 47 U.S.C. § 227(a)(4) (defining telephone solicitation not to include "a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization."). Each of Plaintiff's proposed class members would require individual consent analyses to determine whether

[4] *See* 47 U.S.C. § 227(c)(5) (affording a private right of action to any person who received more than one telephone call within any 12 month period in violation of the regulations prescribed under this subsection), 47 C.F.R. § 64.1200(c) (prohibiting telephone solicitations to residential telephone numbers on the national do not call registry but exempting solicitations that were made using a version of the registry obtained no more than 31 days prior to any call), 28 U.S.C.A. § 1658 (establishing a four year statute of limitations).

they, among other things, consented to the call(s) they may have received, as only those who received telephone solicitations (and, therefore, have a valid claim) are included in Plaintiff's proposed class.

That definition creates the prototypical "heads I win, tails you lose" fail-safe problem: If Plaintiff prevails on the merits, she and the proposed class win; if she loses because she consented, she falls outside the proposed class, leaving remaining members unbound by the adverse judgment. *See*, *e.g.*, *Zarichny*, 80 F. Supp. 3d at 623–25. In other words, Plaintiff's proposed class cannot be ascertained absent extensive and individualized fact-finding to determine the ultimate merits question (i.e., whether they received a telephone solicitation that violated the law) as to each potential class member. *See id.*

*Zarichny* addressed almost the same proposed definition: recipients of calls "without the recipients 'prior express consent[.]'" *Id.* at 625. The *Zarichny* court held that such a definition precluded notice without extensive fact-finding,[5] and created an impermissible fail-safe scenario where, even if the defendant prevailed, "any other putative class recipient would be free to litigate the same claim." *Id.* at 625–26.

5 *See* Fed. R. Civ. P. 23(c)(2) (describing the notice requirements for class actions).

As in *Zarichny*, Plaintiff's fail-safe class cannot be identified without "mini-trials" on the merits. Discovery cannot and would not cure that defect. The class is therefore unascertainable under Rule 23, and Defendant's Motion to Strike should be granted.

**C. THE CLASS IS ALSO IMPROPER UNDER RULE 23(b)(2)**

Plaintiff also seeks certification under Rule 23(b)(2). Compl., ¶ 37. This too is improper, and no amount of discovery can cure the issues inherent to Plaintiff's proposed class.

**1. Rule 23(b)(2): Cohesion and No Individual Damages**

"Rule 23(b)(2) applies when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 262, 80 Fed.R.Serv.3d 604 (3d Cir. 2011) (quoting Fed. R. Civ. P. 23(b)(2)). Accordingly, Rule 23(b)(2) only authorizes a class where the class claims are sufficiently "cohesive," *and* a single declaratory or injunctive judgment would provide relief to each member of the class. *Gates*, 655 F.3d at 262–64 ("Indeed, a (b)(2) class may require more cohesiveness than a (b)(3) class.") (quotation omitted).

The Supreme Court held in *Wal–Mart Stores, Inc. v. Dukes* that Rule 23(b)(2) does not authorize class certification "when each individual class

member would be entitled to a *different* injunction or declaratory judgment against the defendant[,]" or when "*each class member would be entitled to an individualized award of monetary damages*." 564 U.S. 338, 360–61, 131 S.Ct. 2541, 180 L. Ed. 2d 374 (2011) (emphasis added).[6] "If monetary damages are appropriate, certification is proper under the standards and requirements applicable to Rule 23(b)(3), not Rule 23(b)(2)." *Gonzalez v. Corning*, 317 F.R.D. 443, 526 (W.D. Pa. 2016), *aff'd,* 885 F.3d 186 (3d Cir. 2018), *as amended* (Apr. 4, 2018).

**2. Plaintiff Improperly Seeks Monetary Damages under Rule 23(b)(2)**

Although Plaintiff purports to seek injunctive relief, the gravamen of her Complaint is a request for statutory damages of $500 to $1,500 for each alleged TCPA violation, with the amount dependent on whether each call was knowing and willful. Compl., ¶ 57.

How many calls each individual class member received, what contacts each class member may have had prior to those calls, and whether each call was knowing or willful (so as to determine the proper statutory damage amount under 47 U.S.C. § 227) will all require individual fact finding for each

[6] *See also Gates*, 655 F.3d at 262–64 (affirming denial of certification of a 23(b)(2) class where a single injunctive or declaratory judgment could not provide relief to each member of the proposed class and where the monetary relief sought would vary between individuals).

proposed class member, individual determinations of liability, and, if appropriate, individual damages determinations. This is precisely the kind of individualized monetary damages for which a Rule 23(b)(2) class is unsuited, and Plaintiff's proposed Rule 23(b)(2) class should be stricken for this reason alone.

### 3. Plaintiff's Proposed Class Lacks the Required Cohesion

Lastly, Plaintiff's proposed class lacks the cohesion necessary under Rule 23, and her Complaint, as pleaded, demonstrates important individualized factual circumstances that would preclude a single injunction applicable to the class as a whole.

Plaintiff solicited Defendant's home-improvement services and attached a text message to her Complaint purporting to confirm she made an appointment for, among other things, HVAC replacement. Compl., ¶¶ 25–28. These individualized allegations show that Plaintiff's proposed class would lack cohesion. Just as individual questions of consent for telephonic communications affect Plaintiff's individual claims, so too would they affect the claims of each proposed class member.[7] Moreover, just as Plaintiff's own

[7] Plaintiff's individualized factual allegations also cast doubt on whether the other requirements of Rule 23 can be satisfied. *See* Fed. R. Civ. P. 23(a). Though the Court should grant Defendant's Motion to Strike, Defendant reserves its right to bring further challenges at the class certification stage if it does not.

allegations include consented communications, it is unclear how this Court could fashion a single injunction that would appropriately address all members of the proposed class while also accounting for individualized differences in their communication history with Defendant.

Those disparate factual circumstances defeat cohesion and render the class uncertifiable under Rule 23(b)(2). *Gates*, 655 F.3d at 264 (holding Rule 23(b)(2) classes may be improper for lack of cohesion where individual factual proofs are required).

* * * *

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Class Allegations should be granted.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

Date: August 19, 2026

By: /s/ Michael C. Witsch

Michael C. Witsch (PA ID #313884)
Timothy J. Bergère (PA ID #39110)
Charles Hoyt III (PA ID #331588)
100 N. 18th Street, Suite 710
Two Logan Square
Philadelphia, PA 19103
Tel: 267-780-2000
Fax: 215-405-9070
mwitsch@atllp.com
tbergere@atllp.com
choyt@atllp.com

*Counsel for Defendant H.L. Bowman, LLC*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2026, I caused the foregoing to be served on the following counsel of record via the Court's CM/ECF electronic filing system:

Jeremy C. Jackson (PA Bar No. 321557)
Bower Law Associates, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
jjackson@bower-law.com

Anthony I. Paronich (pro hac vice pending)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Michael C. Witsch